UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x

HOWARD MORRIS,

        Petitioner,

     v.                                      **MEMORANDUM AND ORDER**
                                                  24-CV-2696 (RPK) (LB)

STACIE BENNETT,

        Respondent.

------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

      Petitioner Howard Morris is serving a state prison sentence of twenty years to life after being convicted of second-degree murder and attempted first-degree assault in New York. He seeks a writ of habeas corpus under 28 U.S.C. § 2254 on two grounds. *First*, he argues that his guilty plea was not knowing, voluntary, and intelligent because his statements during the plea hearing negated two elements of the predicate burglary charge for felony murder. *Second*, he argues that he was deprived of effective assistance of counsel because his counsel misrepresented how long of a sentence petitioner was likely to serve, failed to fully advise petitioner of the immigration consequences of a conviction, and failed to negotiate a more favorable plea agreement. For the reasons explained below, the petition is denied.

## BACKGROUND

      The following facts are taken from the state court record, viewed in the light most favorable to the prosecution. *See McDaniel v. Brown*, 558 U.S. 120, 133 (2010) (per curiam).

      In October 2017, petitioner and two accomplices burglarized a home, stealing $45,000 in cash. Plea Tr. 15–16 (Dkt. #4-3). In the course of the burglary, they tied up the two elderly

occupants, resulting in the death of one of the victims. *See People v. Morris*, 158 N.Y.S.3d 253, 254 (App. Div. 2021). In February 2019, petitioner pleaded guilty to second-degree murder in violation of New York Penal Law Section 125.25(3) and attempted first-degree assault in violation of New York Penal Law Sections 110 and 120.10(1). Plea Tr. 3–5. Before accepting the plea, the trial court conducted a plea colloquy, during which petitioner stated that he agreed to plead guilty to second-degree murder in exchange for a negotiated sentence of twenty years in state prison to life and to first-degree assault in exchange for a negotiated concurrent sentence of fifteen years in state prison and five years post-release supervision. *Ibid.* Petitioner then affirmed that he understood the plea agreement, his rights, the conditions of his plea, and that his guilty plea would lead to his deportation. *Id.* at 6–8. He also affirmed that he was pleading guilty voluntarily, of his own free will, and after discussing the plea and sentencing options with his attorneys. *Id.* at 5–7.

At one point during the hearing, defendant stated that, although he had stolen a lockbox from the home, he did not know precisely what it contained. *Id.* at 12–14. The court indicated reluctance to accept petitioner's plea. *Id.* at 14. After a brief pause in the proceedings during which petitioner spoke with his attorney, the court elicited statements from petitioner that he knew the occupants kept money in their home and that he went to the home intending to burglarize it. *Id.* at 16. The court then accepted petitioner's plea. *Id.* at 18.

Petitioner appeared before the court for sentencing in March 2019, and the court sentenced petitioner on the second-degree murder charge to a prison term of twenty years to life, along with five years of post-release supervision. Sent'g Tr. 10 (Dkt. #4-4). He also received a concurrent sentence of fifteen years, followed by five years of post-release supervision, on the attempted first-degree assault charge. *Ibid.*

2

Petitioner appealed his conviction and sentence to the New York Appellate Division, Second Department, on the grounds that "his plea of guilty was not knowing, voluntary, or intelligent because the allocution was factually insufficient," that his appeal waiver was invalid, and that his sentence was harsh and excessive. *Morris*, 158 N.Y.S.3d at 254–55. The Appellate Division affirmed his conviction, *id.* at 255, and, on February 28, 2022, the New York Court of Appeals denied leave to further appeal, *People v. Morris*, 38 N.Y.3d 929, 929 (2022). Petitioner's conviction became final 90 days later. *See Valverde v. Stinson*, 224 F.3d 129, 132 (2d Cir. 2000).

In November 2022, petitioner filed a *pro se* motion to vacate the trial court's judgment of conviction pursuant to New York Criminal Procedure Law Section 440.10, claiming that his trial counsel rendered ineffective assistance of counsel. Pet'r's First Section 440 Mot. (Dkt. #4-13). After the state filed its opposition, petitioner withdrew his Section 440 motion because it contained unfounded claims that he feared could bar him from raising more meritorious claims in the future. *See* Pet'r's Mot. to Withdraw First Section 440.10 Mot. 3 (Dkt. #4-15); Order Granting Mot. to Withdraw First Section 440.10 Mot. (Dkt. #4-16).

In May 2023, petitioner filed his first petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this court, raising three grounds for relief. *See* Pet. 16, *Morris v. Bennett*, No. 23-cv-3762 (RPK) (LB) (E.D.N.Y. May 22, 2023), ECF No. 1. Petitioner asserted (1) that his guilty plea was not knowing and voluntary because he had made statements during the plea hearing negating elements of his burglary conviction; (2) that his "purported waiver of the right to appeal is invalid;" and (3) that his "sentence should be reduced in the interest of justice." *Id.* at 6, 8, 9.

While his federal habeas petition was pending, petitioner filed a second Section 440 motion in state court, raising three claims. *See* Pet'r's Second Section 440 Mot. (Dkt. #4-17). Petitioner argued that his trial counsel rendered ineffective assistance because his counsel had represented

3

that petitioner was likely to serve only ten years of a twenty-year sentence, had failed to inform petitioner of the immigration consequences of a guilty plea, and had failed to negotiate a more advantageous plea offer with less adverse immigration consequences. *See generally ibid.* On petitioner's motion, this Court dismissed petitioner's federal habeas petition without prejudice to permit him to exhaust his ineffective-assistance claim in state court. *See* Dec. 27, 2023 Order, *Morris*, No. 23-cv-3762 (RPK) (LB). The state court then denied petitioner's second Section 440 motion on the merits, Order Denying Second Section 440 Mot. (Dkt. #4-20), and the Appellate Division denied him leave to appeal, Order Denying Leave to Appeal (Dkt. #4-23).

In April 2024, petitioner filed the instant petition for habeas corpus—his second—originally raising four grounds for relief. Pet. (Dkt. #1). *First*, petitioner contends that his guilty plea was not knowing, voluntary, and intelligent because his statements at the plea hearing negated two elements of the predicate burglary charge for felony murder. *Id.* at 6. *Second*, petitioner claims that his waiver of the right to appeal was invalid. *Id.* at 8. *Third*, petitioner argues that his sentence was excessive. *Id.* at 9. And *fourth*, petitioner claims that he was deprived of effective assistance of counsel because (1) his counsel had represented he would likely serve only ten years of a twenty-year sentence, (2) his counsel had failed to advise him that he would likely be deported if he pleaded guilty, and (3) his counsel failed to negotiate a more favorable plea deal. *Id.* at 11. After the government filed its opposition, Opp'n Mem. of L. (Dkt. #4-1), petitioner acknowledged that the second and third grounds for relief are meritless and now presses only the two arguments regarding the allegedly involuntary guilty plea and ineffective assistance of counsel, Reply. 1–2 (Dkt. #6).

4

## STANDARD OF REVIEW

A person in custody pursuant to a state-court judgment may seek a writ of habeas corpus on the ground that he is being held "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Section 2254, subject to exceptions not applicable here, a federal court may review a petitioner's claims only if the applicant has exhausted the remedies available to him in the courts of his state. *Id.* § 2254(b)(1)(A). "State remedies are deemed exhausted when a petitioner has: (i) presented the federal constitutional claim asserted in the petition to the highest state court . . . and (ii) informed that court (and lower courts) about both the factual and legal bases for the federal claim." *Ramirez v. Att'y Gen. of N.Y.*, 280 F.3d 87, 94 (2d Cir. 2001) (citing *Picard v. Connor*, 404 U.S. 270, 276–77 (1971)).

Federal review of state convictions is circumscribed by the related doctrine of procedural default. "[A] claim is procedurally defaulted for the purposes of federal habeas review where 'the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Reyes v. Keane*, 118 F.3d 136, 140 (2d Cir. 1997) (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 (1991)) (emphasis omitted). "Out of respect for finality, comity, and the orderly administration of justice," federal courts generally may not entertain such defaulted claims through habeas unless the petitioner shows "cause and prejudice to excuse the default." *Dretke v. Haley*, 541 U.S. 386, 388 (2004). A state prisoner who fails to make those showings can only receive habeas review if he "advance[s] . . . a credible and compelling claim of actual innocence," *Hyman v. Brown*, 927 F.3d 639, 656 (2d Cir. 2019) (quoting *Rivas v. Fischer*, 687 F.3d 514, 540 (2d Cir. 2012)), such that "failure to consider the claim[] will result in a fundamental miscarriage of justice," *Coleman*, 501 U.S. at 750.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") also constrains federal review of claims that have been preserved. So long as a state court adjudicated a litigant's claim on the merits, a federal court may grant habeas relief only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2).

"Clearly established Federal law" refers to "the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state-court decision." *Green v. Travis*, 414 F.3d 288, 296 (2d Cir. 2005) (alterations omitted) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). A state court decision is "contrary to" clearly established federal law as determined by the Supreme Court if it "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413. A decision involves an "unreasonable application" of clearly established federal law if the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case," *ibid.*, meaning there is "no possibility fair-minded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). Finally, a determination that a state-court decision was "based on an unreasonable determination of the facts," 28 U.S.C. § 2254(d)(2), requires more than that a federal court conducting habeas review "would have reached a different conclusion in the first instance," *Brumfield v. Cain*, 576 U.S. 305, 313–14 (2015) (quotation marks omitted) (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010)). "If the state record is 'ambiguous' such that

6

two different views of the facts find fair support in the record," AEDPA "mandates deference to the state court's fact-finding." *Washington v. Schriver*, 255 F.3d 45, 55 (2d Cir. 2001) (citation omitted).

These standards are "intentionally difficult to meet," *Woods v. Donald*, 575 U.S. 312, 316 (2015) (citation and quotation marks omitted), because federal habeas review is "a 'guard against extreme malfunctions in the state criminal justice systems,'" not "a means of error correction," *Greene v. Fisher*, 565 U.S. 34, 43 (2011) (quoting *Richter*, 562 U.S. at 102–03).

## DISCUSSION

The petition is denied because petitioner has not demonstrated either that his guilty plea was not knowing, voluntary, and intelligent, or that he received ineffective assistance of counsel.

### I. Petitioner's statements at his plea hearing do not demonstrate that his guilty plea was not knowing, voluntary, and intelligent.

Petitioner is not entitled to relief based on his due process claim. Due process requires that a guilty plea "represent[] a voluntary and intelligent choice among the alternative choices of action open to the defendant," *North Carolina v. Alford*, 400 U.S. 25, 31 (1970), based on a complete understanding of the charge, *Henderson v. Morgan*, 426 U.S. 637, 644–45 (1976). Petitioner argues that his guilty plea was not knowing, voluntary, and intelligent because he made statements during his plea hearing that negated elements of the crime of burglary, which was the predicate for his felony murder charge, and because the trial court did not thereafter conduct a sufficient inquiry. Pet. 5–7. On direct appeal, the Appellate Division rejected this argument on the merits, finding that "the facts to which the defendant admitted during his plea allocution were sufficient to

7

establish the elements of the crime of burglary, which was the predicate felony for the felony murder conviction." *Morris*, 200 A.D.3d at 996.[1]

Petitioner fails to demonstrate that this determination contravened "clearly established Federal law, as determined by the Supreme Court" or rested on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2). For one thing, it is New York law, not the federal Constitution, that invalidates a guilty plea if the defendant negates factual elements of the charge, and federal habeas corpus relief cannot be granted for errors of state law. *See Sandher v. New York State*, No. 04-CV-2152 (FB), 2009 WL 3111755, at *4–5 (E.D.N.Y. Sept. 29, 2009). Instead, the touchstone for constitutional due process is whether a plea is knowing, voluntary, and intelligent under "all the circumstances." *Willbright v. Smith*, 745 F.2d 779, 780 (2d Cir. 1984).

To the extent petitioner argues that his guilty plea was not knowingly and intelligently made because his statements reflected that he lacked understanding of the "true nature of the charge against him," *Henderson*, 426 U.S. at 645 (citation omitted), this contention is belied by the record of the plea proceeding. The trial court explained, in clear terms, the offense and conduct with which petitioner had been charged. *See* Plea Tr. 10–11. Petitioner repeatedly stated that he knew he was going to the victim's home to burglarize it, that he intended to steal, at a minimum, "something" from the house, and that as a result of the burglary, one of the house's elderly occupants died. Plea Tr. 11, 12, 16. Petitioner argues that, during the hearing, he gave an ambiguous response about not knowing "what was in the [lock]box" that he took from the house.

---

[1] This argument may be procedurally barred because the Appellate Division also held that petitioner had failed to preserve the claim in the trial court. *Morris*, 200 A.D.3d at 995–96. However, a portion of that court's analysis of the procedural bar overlapped with its merits reasoning, raising questions about whether the procedural bar was a truly independent ground for decision barring this Court's review. *See ibid.* The Court does not consider the issue further because federal courts have discretion to bypass procedural bars where, as here, the merits are "easily resolvable against the petitioner." *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997) (citing 28 U.S.C. § 2254(b)(2)).

8

*Id.* at 12–13; Reply 6.  But his statements that he intended to steal *something* from the house, even if he did not know precisely how much money he was taking, are sufficient to establish that he understood the basic nature of the predicate burglary charge.  And if there was any doubt, after the court expressed hesitation about accepting the plea, petitioner conferred with his counsel and responded with clear statements that he went to the house with the intent to burglarize it, that he knew there was money inside, and that he left with a lockbox that contained $45,000 in cash.  *See* Plea Tr. 16.

Because petitioner's statements during the plea hearing do not indicate that his plea was not knowingly, voluntarily, and intelligently made, the Appellate Division's rejection of petitioner's due process claim was neither contrary to nor an unreasonable application of clearly established federal law.

## II. The state court's finding that petitioner's trial counsel was not ineffective is not contrary to or an unreasonable application of clearly established federal law.

Petitioner's ineffective-assistance claim also does not provide a basis for habeas relief.  To establish a claim of ineffective assistance of counsel under the Sixth Amendment, petitioner must show that (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). The review of an attorney's performance, already "highly deferential," *Knowles v. Mirzayance*, 556 U.S. 111, 124 (2009) (citation omitted), becomes "doubly" so on habeas review when "a state court has [already] decided that counsel performed adequately," *Dunn v. Reeves*, 594 U.S. 731, 739 (2021) (per curiam) (citation omitted).  In this context, a petitioner must not only satisfy *Strickland*'s requirements, *Knowles*, 556 U.S. at 124, but also show that the state court's ruling was unreasonable, *id.* at 123.

9

Petitioner raises three ineffective-assistance arguments. *First*, petitioner alleges that he received ineffective assistance because trial counsel misrepresented the sentence petitioner would actually have to serve by informing him that he would only have to serve ten years of the twenty-year sentence. Pet. 11. *Second*, petitioner alleges that trial counsel failed to advise him that his plea would result in mandatory deportation. *Ibid.* And *third*, petitioner alleges that trial counsel did not attempt to negotiate a plea with less severe immigration consequences. *Ibid.* The state court ruling on petitioner's second Section 440 motion denied these claims on the merits, finding that petitioner's claims were contradicted by the record of the plea proceeding and an affidavit provided by one of petitioner's trial attorneys. Order Denying Second Section 440 Mot. 3–5. Petitioner fails to demonstrate that the state court's decision was contrary to or an unreasonable application of clearly established federal law.

The state court reasonably rejected petitioner's first ineffective-assistance claim—that trial counsel allegedly misrepresented the amount of time petitioner was likely to serve—after determining that his assertions regarding his attorney's incompetence were contradicted by the record as a whole. At his plea hearing, petitioner stated that he understood that, by pleading guilty, the trial court could sentence him to a sentence of twenty years to life on the murder charge. Plea Tr. 5. He further affirmed that nobody had made him any promises in order to induce him to plead guilty. *Id.* at 7. What's more, petitioner's trial counsel submitted a detailed affidavit to the state court comprehensively denying having made any representation to petitioner that he would serve less than twenty years—an "eminently credible" account that the court was entitled to credit over petitioner's "self-serving and improbable assertion[]." *Chang v. United States*, 250 F.3d 79, 86

(2d Cir. 2001); *see* Order Denying Second Section 440 Mot. 3–4.[2] On this record, the state court's rejection of petitioner's claims was neither contrary to nor an unreasonable application of clearly established federal law.

Similarly, the state court did not err in rejecting petitioner's claim that trial counsel was ineffective for failing to advise him of the immigration consequences of his guilty plea. Petitioner's assertion that his counsel failed to advise him on this topic is squarely contradicted by his trial counsel's affidavit stating that counsel "on numerous occasions before the plea proceedings had explained the immigration consequences [petitioner] would face for pleading guilty" and that counsel was "explicitly clear that [petitioner] faced likely deportation as a consequence of pleading guilty." Opp'n to Second Section 440 Mot., Ex. A ("Decl. of Charles Kaser") 3–5 (Dkt. #4-18). And even if petitioner's attorney had failed to advise him on this topic, petitioner would be unable to demonstrate prejudice because the trial judge did so, telling petitioner before he pleaded guilty that "the consequence will be deportation." Plea Tr. 6. Petitioner acknowledged that he understood. *Ibid.*; *see United States v. Hernandez*, 242 F.3d 110, 112 (2d Cir. 2001) (rejecting ineffective-assistance claim where petitioner's claim that he had been misled about the consequences of his plea by his attorney was contradicted by petitioner's statements at the plea hearing); *cf. United States v. Juncal*, 245 F.3d 166, 171 (2d Cir. 2001) ("[T]estimony [at a plea hearing] carries such a strong presumption of accuracy that a district court does not, absent

---

[2] The affidavit stated that:

> At no time did [counsel] represent to [petitioner] that the offered plea was *only* twenty-years imprisonment, but that it was twenty years to life. At no time did [counsel] represent to [petitioner] that he would serve ten-years on the alleged twenty-year sentence if he plead[ed] guilty. In fact, [counsel] explicitly explained that prison terms are not like local jail terms, where inmates are released after serving two-thirds of their sentences. [Counsel] explained that [petitioner] would likely have to serve nearly all twenty years before going before a parole board.

Opp'n to Second Section 440 Mot., Ex. A 3 (Dkt. #4-18).

11

a substantial reason to find otherwise, abuse its discretion in discrediting later self-serving and contradictory testimony as to whether a plea was knowingly and intelligently made.").

Similarly, petitioner has failed to demonstrate either deficient performance or prejudice on the theory that counsel "failed to make an effort to negotiate a plea . . . that had less severe immigration consequences." Pet. 11. Petitioner's vague suggestion that his attorney lacked diligence in plea negotiations is contradicted by his counsel's description of multiple rounds of discussions, in which attempts to obtain a more favorable resolution were undermined by the strength of the physical evidence against petitioner and the fact that one of his accomplices, as part of her plea, had inculpated him. Decl. of Charles Kaser 2–3. In any event, petitioner has not demonstrated prejudice under *Strickland*, because the record does not suggest that a plea with less severe immigration consequences was in the offing. *See Santana v. United States*, No. 12-CV-2150 (JSR) (GWG), 2013 WL 717284, at *4 (S.D.N.Y. Feb. 28, 2013) (rejecting ineffective-assistance claim that "counsel improperly failed to negotiate a plea deal that would have avoided the immigration consequences of a conviction" because petitioner "provide[d] no evidence whatsoever—other than speculation—that such a deal was or would have been available to him").

Accordingly, the state court's rejection of petitioner's three ineffective-assistance claims was neither contrary to nor an unreasonable application of clearly established federal law.

**CONCLUSION**

For the foregoing reasons, the petition is denied. And because petitioner has not shown "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further,'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)), a certificate of appealability under 28 U.S.C. § 2253(c)(2) is also denied. The Clerk of Court is directed to enter judgment and close the case.

SO ORDERED.

    /s/ Rachel Kovner
RACHEL P. KOVNER
United States District Judge

Dated: November 7, 2024
       Brooklyn, New York